**Iwana Rademaekers, Texas Bar No. 16452560**
Admitted *Pro Hac Vice*
Email: iwana@rademaekerslaw.com
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| STEVEN A. WELLER,<br><br>Plaintiff<br><br>vs.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.: 3:25-cv-02070-JR**<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES** |

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") filed by Steven A. Weller ("Plaintiff"), and states as follows:

**CAUSE OF ACTION**

1. Lincoln admits that Plaintiff's claims are governed by Section 502(a)(1)(B) of 29 U.S.C. § 1132(a)(1)(B)) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that Apple Inc. ("Apple") sponsored the Apple Inc. Long Term Disability Plan (the "LTD Plan") to provide long term disability benefits to certain of its employees. Lincoln admits that it issued a Group Disability Income Policy numbered GF3-810-

B72V5F-01 (the "Policy") to Apple which, at certain times, insured benefits from the LTD Plan. Lincoln admits Plaintiff was, at certain times, employed by Apple, and a participant in the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

**JURISDICTION & VENUE**

2. Lincoln admits Plaintiff's claims are governed by ERISA and that this Court has jurisdiction over this action. Lincoln denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that venue is proper in this Court. Lincoln denies that Plaintiff is entitled to any recovery under ERISA and denies all remaining allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4. Lincoln is without sufficient knowledge to either admit or deny allegations pertaining to Plaintiff's citizenship. Lincoln admits Plaintiff was, at certain times, employed by Apple, and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint

5. Lincoln admits that it issued the Policy to Apple which Policy, at certain times, insured benefits from the LTD Plan. Lincoln admits that it is an Indiana Corporation and that it is authorized to do business in Oregon. Lincoln admits that it was the claims administrator for claims, including the claim submitted by Plaintiff, for benefits from the LTD Plan under the Policy. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 5 of the Complaint.

## CLAIM FOR RELIEF

6. Lincoln denies the allegations contained in Paragraph 6 of the Complaint.

## FACTS

7. Lincoln admits Plaintiff was, at certain times, employed by Apple, and a participant in the LTD Plan. Lincoln admits that it issued the Policy to Apple which, at certain times, insured benefits from the LTD Plan. Lincoln admits that it was the claims administrator for claims, including the claim submitted by Plaintiff, for benefits from the LTD Plan under the Policy. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits, upon information and belief, that Plaintiff submitted a claim for, and at certain times received, benefits from the short term disability plan sponsored by Apple. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that it sent a letter to Plaintiff dated September 10, 2024, and Lincoln refers to the letter itself for the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff was, at certain times, employed by Apple as a SW Dev Eng – Systems 4. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. To the extent that the allegations contained in Paragraph 15 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln denies the allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies the allegations contained in Paragraph 17 of the Complaint.

18. To the extent that the allegations contained in Paragraph 18 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits it issued the Policy to Apple and was the claims administrator for claims, including the claim submitted by Plaintiff, for benefits from the LTD Plan under the Policy. Lincoln denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 28 of the Complaint.

19. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint, including Paragraphs 1-4 thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for prejudgment interest under state law is preempted by ERISA.

3. Plaintiff's claims are barred in whole or in part by waiver, estoppel, or laches.

4. The standard of review by the District Court in this case should be whether Lincoln's decision on Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy, which require offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration and any disability benefits Plaintiff receives from any commercial disability policy or workers' compensation policy or plan.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. The Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Lincoln expressly reserves the right to amend this Answer to assert such additional affirmative defenses as may appear appropriate on initial Rule 26 disclosures or following discovery in this matter.

WHEREFORE, Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C.

§ 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated the 25th day of November 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar No. 16452560
(Admitted *Pro Hac Vice*)
iwana@rademaekerslaw.com

- AND -

BARRAN LIEBMAN LLP

By: /s/ *Andrew Schpak*
**Andrew Schpak, OSB No. 044080**
ASchpak@barran.com
BARRAN LIEBMAN LLP
601 SW 2nd Avenue, Suite 2300
Portland, Oregon 97204
PH: (503) 228-0500
FX: (503) 274-1212

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, District of Oregon, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Scott A. Sell
E-mail: ssell@tcnf.legal

Dated: November 25, 2025 By: /s/ *Iwana Rademaekers*
Iwana Rademaekers, Esq.